**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**NAPOLEON TAVALE, Defendant.**

High Court of American Samoa
Trial Division

CR No. 34-03

February 25, 2004

Before KRUSE, Chief Justice, ATIULAGI, Associate Judge, and MAMEA, Associate Judge.

Counsel: For Plaintiff, Harvey L. Kincaid, Assistant Attorney General
For Defendant, David P. Vargas

ORDER DENYING MOTION TO SUPPRESS

Defendant Napoleon Tavale ("Tavale") is charged with fabricating physical evidence in violation of A.S.C.A. § 46.4611(a)(2). Tavale moves, pursuant to T.C.R.Cr.P. 12(b)(3), to suppress statements he made to detectives on November 14, 2002. All counsel and Tavale were present at the hearing February 20, 2004. For the reasons stated below, we deny Tavale's motion to suppress.

On November 14, 2002, around 6:00 a.m., Detective Liusila Brown and another detective arrived at Tavale's home. Upon their arrival, Detective Brown spoke with Tavale and Tavale's parents explaining that he was investigating the homicide of Ma`alona Felisi. Detective Brown requested Tavale accompany him to the police station in Fagatogo. Tavale accompanied the officers and rode in the backseat of the police car to the station. At the station, Tavale was escorted to the office of Captain Seau V. Laumoli. Without reading Tavale his *Miranda* rights, Captain Laumoli interviewed Tavale regarding the events surrounding the death of Ma`alona Felisi, which occurred the previous afternoon. At the same time, Lieutenant Ta`ase Sagapolutele was recording Tavale's statements in Samoan. The interview lasted approximately 45 minutes.

After the interview, Tavale agreed to provide a written statement in English. During this entire time, Tavale was never handcuffed, threatened, placed under arrest, or told that he could not leave. At the end of the interview, Tavale freely left the station.

Tavale was never arrested or charged with a crime in connection with the death of Ma`alona Felisi. Rather, Tavale subsequently gave a conflicting statement regarding the events of November 13, 2002. As a result of this subsequent statement, the government brought the current charge against Tavale. Tavale now claims that his November 14, 2002 statements were made while in custody, during an interrogation, and without adequate advisement of his rights. Because he was not administered the *Miranda* rights, Tavale argues that the statements were illegally obtained in violation of his Fifth, Sixth, and Fourteenth Amendment rights of the United States Constitution, as well as Article I, Sections 2, 5 and 6 of the Revised Constitution of American Samoa and, therefore, must be suppressed. The government disagrees, arguing that there was no violation of Tavale's rights because Tavale was not in custody when he made the statements and because he was interviewed as a witness and not a suspect.

As well established by *Miranda v. Arizona*, 384 U.S. 436 (1966), statements given by a person during custodial interrogation without a prior warning are in violation of constitutionally-protected rights and are subject to the exclusionary rule. However, in order to trigger *Miranda*, an individual must be in custody and must be subject to interrogation. A statement made by a person who was not in a custodial situation is not subject to suppression on *Miranda* grounds. *See Am. Samoa Gov't v. Fealofa`i*, 24 A.S.R.2d 10, 11-12 (Trial Div. 1993).

Custodial interrogation occurs when "questioning [is] initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444. Courts look at the "totality of the circumstances" when making a determination as to whether a person is "in custody." *California v. Beheler*, 463 U.S. 1121, 1125 (1983). However, "the ultimate inquiry is simply whether there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *Id.* (citations omitted). In *Oregon v. Mathiason*, 429 U.S. 492 (1977), the Supreme Court found that a suspect who voluntarily went to a police station and freely left after a 30 minute interview was not "in custody" for *Miranda* purposes. The Court explained that "[*Miranda*] warnings [are not] to be imposed simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect." *Id.* at 495. Likewise, in *Beheler*, the Court found the defendant was not "in custody" when he voluntarily accompanied the police to the police station, was interviewed

for about 30 minutes, and then allowed to leave. 463 U.S. at 1122-23. The Court noted that "Beheler was neither taken into custody nor deprived of his freedom of action. Indeed, Beheler's freedom was not restricted in any way whatsoever." *Id.* at 1123.

██ In the current case, based on the aforementioned facts adduced at the suppression hearing, we find that Tavale was not in custody at the time he made his statements to the officers.[1] Accordingly, Tavale's statements are admissible.

## Order

The motion to suppress Defendant Tavale's November 14, 2002 statements to police officers is denied. It is so ordered.

---

[1] Because we find that Tavale was not in custody at the time he made the statements to police, we need not explore other reasons why *Miranda* warnings may not have been required in this case. However, we do note that *Miranda* warnings "[are] not intended to hamper the traditional function of police officers in investigating crime." *Miranda,* 384 U.S. at 477-78.